# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MATTHEW ORSO as Successor
Trustee to Kenneth D. Bell in his
Capacity as Court-appointed
Receiver for Rex Venture Group, LLC,**

  **Plaintiff,**

**v.**            **Case No.: 8:21-mc-72-WFJ-AAS**

**RODNEY ROCKWELL,**

  **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Defendant and Judgement Debtor Rodney Rockwell files claims of exemption from the writs of garnishment issued against him by Plaintiff Matthew Orso. (Docs. 25, 26). Mr. Orso has not responded in opposition to Mr. Rockwell's claims of exemption. On the contrary, Mr. Orso requests dissolution of the writs of garnishment. (Docs. 27, 28).

## I. BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered judgment against the defendant class, including Mr. Rockwell, in the amount of $15,101.23 plus accruing post-judgment interest. (Doc. 1, Ex. 1). On April 28, 2021, Mr. Orso registered the

1

judgment in this court. (Doc. 1).

On July 16, 2021, Mr. Orso moved for this court to issue writs of garnishment against Bank of America and Wells Fargo Bank for certain monies or property belonging to Mr. Rockwell. (Docs. 2, 3). The undersigned issued the writs on July 19, 2021. (Doc. 4). Bank of America and Wells Fargo filed their answers to the writs, indicating that they: (i) were not indebted to Mr. Rockwell; (ii) did not know of any other person indebted to Mr. Rockwell or any other person who may have property of the Mr. Rockwell; and (iii) were not in possession of any tangible or intangible property belonging to Mr. Rockwell. (Docs. 9, 11).

On August 16, 2022, Mr. Orso moved for this court to issue writs of garnishment against J.P. Morgan Chase Bank and Truist Bank for certain monies or property belonging to Mr. Rockwell. (Docs. 14, 15). The undersigned issued the writs on August 17, 2022. (Doc. 16). J.P. Morgan Chase Bank and Truist Bank filed their answers to the writs, indicating that they: (i) were not indebted to Mr. Rockwell; (ii) did not know of any other person indebted to Mr. Rockwell or any other person who may have property of the Mr. Rockwell; and (iii) were not in possession of any tangible or intangible property belonging to Mr. Rockwell. (Docs. 21, 22).

On September 12, 2022, Mr. Rockwell filed the present motions. (Docs. 25, 26). Mr. Orso did not respond.

## II.    LEGAL STANDARD

Rule 69 provides that a money judgment is enforced by a writ of garnishment. Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id*. Fla. Stat. § 77.041(3) provides "Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivering the claim and request or, alternatively, 14 business days if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail." "Florida law requires garnishment statutes . . . to be strictly construed." *Allen v. Robert F. DeLuca, M.D., P.A.*, 9:18-CV-81265, 2020 WL 1832323, at *2 (S.D. Fla. Mar. 25, 2020), report and recommendation adopted, 18-81265-CIV, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020) (citation omitted).

## III.    ANALYSIS

Mr. Rockwell moved for claims of exemption on September 12, 2022. (Docs. 25, 26). Mr. Rockwell's motion complies with the requirements of Fla. Stat. § 77.041(1), in that the motion: "(i) uses the form provided in the statute;

(ii) is notarized; (iii) was timely filed within 20 days after the Defendant/Judgment Debtor received notice of the Writ; and (iv) was served to Plaintiff via CM/ECF (which is akin to service by mail)." *Orso as trustee to Bell v. Alexis*, No. 21-CV-60251, 2022 WL 2954931, at *2 (S.D. Fla. June 22, 2022). Mr. Orso does not object to Mr. Rockwell's motion, and instead filed notices voluntarily dissolving the writs of garnishment against Mr. Rockwell. (Docs. 27, 28).

## IV.   CONCLUSION

The undersigned **RECOMMENDS** the Clerk "dissolve the writ[s] and notify the parties of the dissolution by mail" and **DENY as moot** Mr. Rockwell's claims of exemption (Docs. 25, 26). Fla. Stat. § 77.041(3).

**ENTERED** in Tampa, Florida on October 4, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge

on appeal the district court's order adopting this report's unobjected-to factual

findings and legal conclusions. 11th Cir. R. 3-1.